1  "Trey" A.R. Dayes III (#020805)
   treyd@phillipslaw.com
2  PHILLIPS LAW GROUP, P.C.
   3101 North Central Avenue, Suite 1500
3  Phoenix, Arizona 85012
   Telephone: (602) 258-8900 x301
4
   Attorney for Plaintiff
5

6                    **UNITED STATES DISTRICT COURT**

7                           **DISTRICT OF ARIZONA**

8  Louisa Rettler and David Hicks, on behalf of    | Case No.:
   themselves and others similarly situated,        |
9                                                   | **COLLECTIVE ACTION COMPLAINT**
              Plaintiff,                            |
10                                                  | **JURY DEMAND**
    vs.                                             |
11                                                  |
   Robert Newsom and Barbara Goodsell,              |
12 individually and doing business as Goodsell      |
   Transcriptions,                                  |
13                                                  |
              Defendants.                           |
14

15                    **COLLECTIVE ACTION COMPLAINT**

16       Plaintiffs Louisa Rettler and David Hicks ("Plaintiffs"), on behalf of themselves and

17 other employees and former employees similarly situated, for their Complaint against

18 Defendants Robert Newsom and Barbara Goodsell, individually and doing business as

19 Goodsell Transcriptions (collectively, "Defendants"), allege as follows:

20                              **NATURE OF THE CASE**

21       1.    Plaintiff brings this action against Defendants for unlawful failure to pay

22 overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

23 ("FLSA") and specifically the collective action provision of the Act found at § 216(b).

24       2.    For at least three (3) years prior to the filing of this action, Defendants had a

25 consistent policy and practice of misclassifying employees as independent contractors and

---

Collective Action Complaint and Demand for Jury Trial                              Page 1

requiring them to work in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

3. Plaintiffs regularly worked hours in excess of forty (40) hours per week, for which they were not paid overtime wages of at least one and one-half times their regular hourly rate.

4. Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

7. At all times material hereto, Plaintiffs are and were residents of Maricopa County, Arizona.

8. At all times material hereto, Defendant Robert Newsom is and was a resident of Maricopa County, Arizona.

9. At all times material hereto, Defendant Barbara Goodsell is and was a resident of Maricopa County, Arizona.

10. Upon information and belief, Defendant Robert Newsom and Defendant Barbara Goodsell are married to each other. They have caused events to take place giving rise to this action for which their marital community is fully liable.

11. At all times material hereto, Defendants Robert Newsom and Barbara Goodsell owned, operated and did business as Goodsell Transcriptions. All of Plaintiffs' paychecks

1  have been drawn on an account of Goodsell Transcriptions and signed by Barbara Goodsell.

2  12. Under the FLSA, Defendants Robert Newsom and Barbara Goodsell are
3  employers. The FLSA defines "employer" as any individual who acts directly or indirectly in
4  the interest of an employer in relation to an employee. Upon information and belief, Goodsell
5  Transcriptions is a sole proprietorship and Defendants Robert Newsom and Barbara Goodsell
6  were at all times persons responsible for determining the method and rate of Plaintiffs'
7  payment of wages. As persons who acted in the interest of Goodsell Transcriptions in relation
8  to the company's employees, Robert Newsom and Barbara Goodsell are subject to individual
9  liability under the FLSA.

10  13. At all relevant times, Plaintiffs were "employees" of Defendants as defined by 29
11  U.S.C. § 203(e)(1).

12  14. The provisions set forth in 29 U.S.C § 207 of the FLSA apply to Defendants, and
13  all similarly situated present and past employees are or were covered by this section of the
14  FLSA during their employment by Defendants.

15  15. At all relevant times, Defendants were and continue to be an "employer" as
16  defined in 29 U.S.C. § 203(d).

17  16. At all relevant times, Defendants have been engaged in interstate commerce and
18  have been an enterprise whose gross annual volume of sales made or business done is greater
19  than $500,000.

20  17. The additional persons who may become plaintiffs in this action "worked" for
21  Defendants, held positions similar to Plaintiffs, were misclassified as independent contractors,
22  and worked at least one (1) hour in excess of forty (40) hours during one or more work weeks
23  during the relevant time periods, and did not receive pay at one and one-half times their regular
24  rate of pay for all of their hours worked in excess of forty (40) hours.

25  18. As required by 29 U.S.C. § 216(b), Plaintiff Louisa Rettler will file a Consent to

1  Become a Party Plaintiff.

2      19.    As required by 29 U.S.C. § 216(b), Plaintiff David Hicks will file a Consent to
3  Become a Party Plaintiff.

4  **FACTUAL BACKGROUND**

5      20.    Defendants provide, among other services, out-sourced technical support for
6  firms involved in sales, marketing and/or telemarketing.

7      21.    Two of the firms for whom Defendants provide out-sourced technical support
8  were and/or are F9Group, Inc., and Ytel, Inc.

9      22.    Upon information and belief, Defendants also operate their own businesses that
10  provide, among other things, telemarketing and transcription services.

11      23.    In or around June 2009, Defendants hired Plaintiff Louisa Rettler to provide
12  technical support for customers of other firms who had business relationships with Defendants,
13  and other duties as requested by Defendants. Her rate of pay varied from $9.00 per hour
14  initially up to $11.00 per hour at present.

15      24.    On or about June 1, 2011, Defendants hired Plaintiff David Hicks to provide
16  technical support for customers of other firms who had business relationships with Defendants,
17  and other duties as requested by Defendants. His rate of pay is $9.40 per hour.

18      25.    Plaintiffs were employed to perform various tasks for Defendants, including
19  taking calls for Defendants' clients, answering customer questions if they called in for
20  technical support, taking sales and billing calls, attending weekly meetings, filling out service
21  tickets on each customer call, performing investigations to insure technical systems are
22  working properly, troubleshooting client service issues, sending emails to other employees.

23      26.    The majority of work performed by Plaintiffs was acting as online technical
24  support for various clients of Defendants.

25      27.    Plaintiffs' duties, as described above, are the performance of non-exempt work.

1    28.    From their date of hire until present, Defendants exerted control over Plaintiffs
2 by establishing what work they would perform.

3    29.    From their date of hire until present, Defendants exerted control over Plaintiffs
4 by establishing when the work would be performed.

5    30.    From their date of hire until present, Defendants exerted control over Plaintiffs
6 by establishing how the work would be performed.

7    31.    From their date of hire until present, Defendants exerted control over Plaintiffs
8 by establishing where the work would be performed.

9    32.    Despite exercising the control alleged above, from their date of hire until the
10 present, Defendants have classified Plaintiffs as independent contractors.

11    33.    Upon information and belief, most if not all of Defendants' workers are
12 classified as independent contractors.

13    34.    Plaintiffs' services are integral to the success of Defendants' business operation.

14    35.    Plaintiffs did not work for a predetermined amount of wages but instead their pay
15 was entirely dependent on the amount of time they spent working during any given day.

16    36.    From their dates of hire until approximately May 20, 2012, Plaintiffs routinely
17 worked with knowledge of Defendants in excess of forty (40) hours per week.

18    37.    Despite being routinely required to work in excess of forty hours per week,
19 Plaintiffs were not paid the premium one and one-half times their regular rate as required under
20 the FLSA for hours worked over forty in a work week.

21    38.    For example, from approximately August 1, 2010 through May 20, 2012,
22 Plaintiff Louisa Rettler worked an average of 10.74 hours in excess of forty (40) hours per
23 week, for which Plaintiff Louisa Rettler was paid her regular hourly rate of pay rather than the
24 premium one and one half times her hourly rate as required under the FLSA.

25    39.    As a further example, from approximately July 1, 2011, through May 20, 2012,

1   Plaintiff David Hicks worked an average of 3.54 hours in excess of forty (40) hours per week,

2   for which Plaintiff David Hicks was paid his regular hourly rate of pay rather than the premium

3   one and one half times her hourly rate as required under the FLSA.

4       40.    Defendants wrongfully withheld wages from Plaintiffs by failing to pay all

5   overtime wages due to Plaintiff for hours Plaintiff worked.

6       41.    The additional persons who may become plaintiffs in this action are customer

7   service and/or technical support agents who held positions similarly situated to Plaintiffs and

8   who worked in excess of forty (40) hours during one or more work weeks during the relevant

9   time periods but who did not receive pay at one and one-half times their regular rate of pay for

10  all of their hours worked in excess of forty (40) hours.

11      42.    Upon information and belief, the records concerning the number of hours worked

12  and amounts paid to Plaintiffs any other similarly situated employees are in the possession and

13  custody of Defendants and the amount of employees is numerous.

14      43.    Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates

15  and amounts required by the FLSA was willful and knowing.

16      44.    Defendants refused and/or failed to properly disclose or apprise Plaintiff of his

17  rights under the FLSA.

18      45.    Plaintiffs have retained the law firm of Phillips Law Group, P.C., to represent

19  them in this litigation and have agreed to pay a reasonable fee for the services rendered in the

20  prosecution of this action on his behalf.

21      **COUNT ONE**
**(Failure to Pay Proper Overtime Wages – FLSA – 29 U.S.C. § 207)**

22

23      46.    Plaintiffs incorporate and adopt paragraphs 1 through 45 above as if fully set

    forth herein.

24

25      47.    Defendants have intentionally failed and/or refused to pay Plaintiffs and other

1  technical support employees overtime according to the provisions of the FLSA.

2      48.    Defendants' systems and practices relating to their non-payment of overtime to
3  technical support and customer service employees have existed for at least three years
4  throughout Defendants' business.

5      49.    There are numerous similarly situated employees and former employees of
6  Defendants who have been improperly compensated in violation of the FLSA and who would
7  benefit from the issuance of Court-Supervised Notice of the present lawsuit and the
8  opportunity to join the present lawsuit.

9      50.    The similarly situated employees are numerous technical support and customer
10  service employees who have the same or similar job description as Plaintiff and perform the
11  same or similar job functions.

12      51.    Those similarly situated employees are known to Defendants and are readily
13  identifiable and locatable through Defendants' records.  Specifically, all technical support and
14  customer service employees and former technical support and customer service employees of
15  Defendants who have been employed with Defendants, would benefit from Court-Supervised
16  Notice and the opportunity to join the present lawsuit and should be so notified.

17      52.    Defendants further have engaged in a widespread pattern and practice of
18  violating the provisions of the FLSA by failing to pay Plaintiffs and all similarly situated
19  employees and former employees in accordance with § 207 of the FLSA, as described in the
20  previous paragraphs.

21      53.    As a result of Defendants' violations of the FLSA, Plaintiffs, as well as all others
22  similarly situated, have suffered damages by failing to receive compensation in accordance
23  with § 207 of the FLSA.

24      54.    In addition to the amount of unpaid wages owed to Plaintiffs and all similarly
25  situated employees, they are also entitled to recover an additional equal amount as liquidated

damages pursuant to 29 U.S.C. § 216(b).

55. Defendants' actions in failing to compensate Plaintiffs, as well as all other similarly situated employees and former employees, in violation of the FLSA, were willful.

56. Defendants have not made a good faith effort to comply with the FLSA.

57. Plaintiffs and all others similarly situated are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs request a judgment be entered in their favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees, and such other and further relief as deemed just and proper by this Court.

## COUNT TWO
### (Misclassification as Independent Contractor)

58. Plaintiffs incorporate and adopt paragraphs 1 through 57 above as if fully set forth herein.

59. Plaintiffs' working relationships with Defendants as described above were as employees.

60. Defendants misclassified Plaintiffs as independent contractors.

61. In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiffs in the form of self-employment taxes.

62. As a direct and proximate result of the misclassification, Plaintiffs are entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

WHEREFORE, Plaintiffs request a judgment be entered in their favor and against Defendants for compensatory and other damages, in amounts to be proven at trial, as well as costs, expenses and attorneys' fees, and such other and further relief as deemed just and proper

by this Court.

## COUNT THREE
### (Declaratory Relief)

63.   Plaintiffs incorporate and adopt paragraphs 1 through 62 above as if fully set forth herein.

64.   Plaintiffs and Defendants have a FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

65.   The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

66.   Plaintiffs may obtain declaratory relief.

67.   Defendants employed Plaintiffs and others similarly situated.

68.   Defendants business is an enterprise covered by the FLSA, as concerns its employer-employee relationship with Plaintiffs and others similarly situated.

69.   Plaintiffs were individually covered by the FLSA.

70.   Plaintiffs and others similarly situated are entitled to overtime wages pursuant to 29 U.S.C. § 207.

71.   Plaintiffs and others similarly situated are entitled to an equal amount of liquidated damages as Defendants' policy of failing to pay proper overtime compensation remain in effect.

72.   The damages suffered by Plaintiffs and others similarly-situated are ongoing.

73.   Plaintiffs and others similarly situated will suffer future damages for which there is no adequate remedy at law.

74.   Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

75.   It is in the public interest to have these declarations of rights recorded as

Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

76. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

   a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;
   b. Awarding Plaintiffs overtime compensation in the amount due to them for all of Plaintiffs' time worked in excess of forty (40) hours per work week;
   c. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;
   d. Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);
   e. Awarding Plaintiffs pre-judgment interest;
   f. Granting Plaintiffs an Order, on an expedited basis, allowing them to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiffs;
   g. Ordering any other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the

1 | Court.

2 | Dated: November 19, 2012          Respectfully submitted,

3 |                                   PHILLIPS LAW GROUP, P.C.

4 |                                   By /s/"Trey" A.R. Dayes III
5 |                                       "Trey" A.R. Dayes III
                                          Arizona Bar No. 020805
                                          Email: treyd@phillipslaw.com
6 |
                                    Attorney for Plaintiff
7 |